# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. TROUTMAN,<br>      Plaintiff | : | No. 3:18cv2070 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| HYDRO EXTRUSION USA, LLC,<br>and/or SAPA EXTRUSIONS, INC.,<br>      Defendants | : | |

## **MEMORANDUM**

Before the court for disposition is the defendant's motion seeking dismissal of the plaintiff's civil rights claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter has been briefed and is ripe for disposition.

**Background**

Plaintiff David Troutman has brought a sexual harassment/hostile work environment lawsuit against his employer Hydro Extrusion USA, LLC[1] (hereinafter "Hydro Extrusion") for violating Title VII of the Civil Rights Act of 1964 and 1991 and the Pennsylvania Human Relations Act for exposing the plaintiff to a hostile work environment because of his sexual orientation.[2] (Doc. 1). On

---

[1]The employer changed its company name from Sapa Extrusions, Inc. to Hydro Extrusion, LLC. For purposes of this opinion, we will address the employer as Hydro Extrusion.

[2] The plaintiff also claimed that he experienced gender stereotype discrimination. Employment gender stereotype discrimination occurs when an employer makes

August 12, 2012, Defendant Sapa hired the plaintiff as a full-time employee. (Id. at ¶15). The plaintiff was promoted to the position of senior extruder on October 10, 2014. (Id. at ¶16). Shortly after the plaintiff began his new position, he was asked if he was gay, to which he responded in the affirmative. (Id. at ¶17). Since this communication, the plaintiff claims that he has been subjected to continuous sexual harassment by co-workers and managers.

For example, the plaintiff was exposed to sexually explicit and derogatory language and conduct discriminating against the plaintiff's sexual-orientation, including, but not limited to the following: being called a "faggot"; being referred to as "fairy boy"; overhearing another employee announce over the company radio that the plaintiff "is a pickle splitter"; having penis shaped sex toys placed in his locker; having male employees begin discussing how much they like "pussy" after he walked into the office; being told that his head "looks like a penis"; hearing that new employees were warned to be "cautious" of him because he is a

---

an adverse employment decision because an employee fails to conform to gender norms. Price Waterhouse v. Hopkins, 490 U.S. 228, 258 (1989). For example, if a gender non-conforming male is portraying female characteristics in the workplace and experiences discrimination because of these external characteristics while a gender conforming female portrays these same traits but experiences a different employment outcome, then gender stereotype discrimination has occurred. Id. The plaintiff in this case, however, is not alleging that he was discriminated against because he *acted* stereotypically gay; he claims that he experienced discrimination because he was *actually* gay. (Doc. 1, ¶¶ 17-18). As a result, we construe the pleadings to allege sexual orientation discrimination as opposed to gender stereotype discrimination.

2

"flamboyant gay guy"; being told that he is "feminine"; seeing sexually explicit drawings in the bathroom stall and his locker naming the plaintiff and his supervisor, with whom the plaintiff allegedly had a relationship; and, seeing "#firetroutman" written in the bathroom. (Id. at ¶18).

After each of these incidents, the plaintiff objected to and reported the harassment and abuse to Defendant Sapa's human resource department. Although the plaintiff reported these incidents, the harassment and discrimination continued unabated. (Id. at ¶¶19, 24-29).

After exhausting all of the appropriate administrative remedies with the Pennsylvania Human Relations Commission, on October 24, 2018, the plaintiff filed a 6-count complaint against the defendant. (Id.) Count 1 of the plaintiff's complaint claims that the defendant exposed him to a hostile work environment because of his sexual orientation in violation of Title VII of the Civil Rights Act. (Id.) Count 2 of the plaintiff's complaint claims that the defendant retaliated against the plaintiff after the plaintiff spoke out against the defendant's employment practices. (Id.) Count 3 pleads that the defendant was negligent for failing to implement a uniformly enforced policy against sex-based harassment, discrimination, and retaliation in violation of Title VII. (Id.) Count 4 alleges that the defendant took unlawful actions in violation of the Pennsylvania Human Relations Act. (Id.) Count 5 is a retaliation claim in violation of the Pennsylvania

Human Relations Act. (Id.)  Count 6 seeks to impose punitive damages on the defendant. (Id.)  On February 12, 2019, the defendant filed the instant motion to dismiss. (Doc. 9).  The matter has been briefed and is ripe for disposition.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1981 for employment discrimination violations, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States.").  We have supplemental jurisdiction for the plaintiff's claim arising under the Pennsylvania Human Relations Act pursuant to 28 U.S.C. § 1367.

**Legal Standard**

The defendant filed its motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'"  Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will

reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

      The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

As noted above, the plaintiff alleges that the defendant fostered and perpetuated a hostile and offensive work environment in violation of Title VII of the Civil Rights Act. (Doc. 1). The defendant has responded by filing a motion seeking to dismiss Counts 1, 2, 3, 4, 5, and 6 of the plaintiff's complaint. (Doc. 9). Counts 1, 2, and 3 pertain to the plaintiff's federal claims while counts 4, 5, and 6 address the plaintiff's Pennsylvania state law claims. We will discuss each of these issue in turn.

**I.     Federal Causes of Action**

Count 1, the plaintiff's Title VII sexual orientation discrimination claim, Count 2, the plaintiff's Title VII retaliation claim, and Count 3, the plaintiff's Title VII negligence claim are all federal causes of action over which we have subject matter jurisdiction. 28 U.S.C. § 1331. We will discuss each of these claims in turn.

**A. Title VII Claim**

Plaintiff's complaint alleges a violation of Title VII based upon sexual orientation harassment/discrimination. The first issue raised by the defendant is that plaintiff cannot have a cause of action under Title VII because sexual orientation discrimination is not prohibited by that statute. Plaintiff argues that sexual orientation discrimination is in fact discrimination because of sex and

7

should be prohibited by Title VII.  After a careful review, we find that although plaintiff's position may be correct in certain jurisdictions, the precedent in the Third Circuit favors the defendant's position.

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).  The issue here is whether discrimination based upon "sexual orientation" is discrimination "because of sex" under Title VII.  The Third Circuit Court of Appeals has addressed this issue and concluded that sexual orientation discrimination is not discrimination on the basis of sex for Title VII purposes. See Bibby v. Phila. Coca Cola Bottling Co., 260 F.3d 257, 261 (3d Cir. 2001).  The Third Circuit reasoned that Title VII does not protect against sexual orientation discrimination because Congress rejected legislation expressly including sexual orientation as a protected class.  Id.

The trend in other circuits appears to be inclusion of sexual orientation under Title VII's protections.  See  Hively v. Ivy Tech. Cmty. Coll. of Indiana, 853 F.3d 339, 358 (7th Cir. 2017); Zarda v. Altitude v. Express, Inc., 883 F.3d 100, 131–32 (2d Cir. 2018), cert. granted sub nom. Altitude Exp., Inc. v. Zarda, No.

17-1623, 2019 WL 1756678 (U.S. Apr. 22, 2019).³ Supreme Court dicta also advocates for the rights and dignity of gay people. For example, in <u>Lawrence v. Texas</u>, 539 U.S. 558 (2003), the Supreme Court stated that homosexuals are "entitled to respect for their private lives," <u>Id</u>. at 578, and "still retain their <u>dignity</u> as free persons." (emphasis added) <u>Id.</u> at 566.⁴

The law of the Third Circuit, however, remains clear – sexual orientation is not covered by the protections of Title VII. <u>Bibby</u>, 260 F.3d at 265. Consequently, we will dismiss the plaintiff's Title VII claim.

---

³ Influential in these cases was a 2015 decision where the Equal Employment Opportunity Commission—the agency responsible for interpreting Title VII—held for the first time that "sexual orientation is inherently a 'sex-based consideration . . . [and] is necessarily an allegation of sex discrimination under Title VII." <u>Baldwin v. Foxx</u>, EEOC Decision No. 0120133080, 2015 WL 4397641, at *5 (July 15, 2015). The Commission interpreted Title VII's prohibitions to preclude employers from relying upon sex-based considerations or taking gender into account when making employment decisions. <u>Id.</u> (citing <u>Price Waterhouse</u>, 490 U.S. at 239-42). The EEOC held that Title VII prohibitions "appl[y] equally in claims brought by lesbian, gay, and bisexual individuals . . ." <u>Id.</u>

⁴ Additionally, when the Court required states to recognize lawful same-sex marriages performed in other States, the Court stated that "[t]here is <u>dignity</u> in the bond between two men or two women who seek to marry and in their autonomy to make such profound choices." (emphasis added) <u>Obergefell v. Hodges</u>, 135 S. Ct. 2584, 2599 (2015). In this landmark decision, the Supreme Court emphasized the importance of allowing gay people to express their identity while maintaining their dignity and liberty in a free society. <u>Id.</u> As a result, the plaintiff is not a protected class under Title VII and he has not pled a viable discrimination claim.

### B. Title VII Retaliation Claim

The defendant also seeks to dismiss Count 2, the plaintiff's retaliation claim. (Doc. 1). Title VII's anti-retaliation provision separately tells us that it is unlawful "for an employer to discriminate against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by this subchapter[.]" 42 U.S.C. § 2000e-3(a). As stated above, under Third Circuit precedent, sexual orientation discrimination is not a viable claim under Title VII. See Bibby, 260 F.3d at 265. Consequently, there is no underlying discrimination claim under Title VII. See id.; but see Zarda, 883 F.3d at 117-19; see also Hively, 853 F.3d at 341-352. We will, therefore, dismiss the plaintiff's retaliation claim.

### C. Title VII Negligence Claim

The defendant is seeking to dismiss Count 3, the plaintiff's Title VII negligence claim. This court has found that an employee can raise a negligence claim as it applies to Title VII where an employer fails to take remedial action upon notice of harassment. Turlip v. N. Pocono Sch., Dist., No. 05CV1182, 2006 WL 547924, at *2 (M.D. Pa. Mar. 6, 2006). Although the plaintiff may assert negligence under Title VII, he is precluded from raising a sexual orientation discrimination claim under Title VII. See Bibby, 260 F.3d at 265. Consequently, we will dismiss the plaintiff's negligence claim.

## II. State Causes of Action

The defendant is also seeking to dismiss Counts 4, the plaintiff's PHRA Claim, Count 5, the plaintiff's PHRA Retaliation Claim, and Count 6, the plaintiff's claim for punitive damages. Supplemental jurisdiction enables federal courts to hear state law claims over which there is no independent basis of jurisdiction. 28 U.S.C. § 1367; Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 349, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988). Supplemental jurisdiction depends upon the existence of subject matter jurisdiction over other claims in the action. Pursuant to 28 U.S.C. § 1367, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...." 28 U.S.C. § 1367(a); see also Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir.1991).

Section 1367(c) permits a court to decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Carnegie–Mellon, 484 U.S. at 350 ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (footnote omitted); Fuentes v. South Hills Cardiology, 946 F.2d 196, 198 n. 3 (3d Cir.1991)

(dismissal of "pendent state law claim[ ]" proper where federal claims dismissed for lack of subject matter jurisdiction).

As previously discussed, we dismissed the plaintiff's Title VII claim because Third Circuit precedent precludes employees from raising a Title VII claim on sexual orientation discrimination grounds. Because the plaintiff's federal claims have been dismissed, there are no other grounds for supplemental jurisdiction. United Mine Workers v. Gibbs, U.S. 715, 725 (1966); 28 U.S.C. § 1367(c)(3). As a result, supplemental jurisdiction will no longer be exercised in this case. See id. The plaintiff's state law claims as set forth in Counts 4 through 6 are dismissed.

**Conclusion**

Under Third Circuit precedent, Title VII does not protect employees from sexual orientation discrimination. For the reasons stated above, Count 1 through 3 of the plaintiff's complaint will be dismissed. Because the plaintiff's federal claims have been dismissed, we no longer have supplemental jurisdiction over the plaintiff's state law claims. Consequently, we will dismiss Counts 4 through 6 of the plaintiff's complaint. We will dismiss Counts 1 through 6 with prejudice as an amendment to the complaint would be futile as the plaintiff has pled causes of action for which no legal remedy exists under Third Circuit precedent. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that district courts

must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile).  An appropriate order follows.

**Date: May 24, 2019**

                     **BY THE COURT:**

                     **s/ James M. Munley**
                     **JUDGE JAMES M. MUNLEY**
                     **United States District Court**